KANSAS CITY HAY DEALERS' ASS'N et al.
v. CROOKS, Collector of Internal
Revenue.

District Court, W. D. Missouri, W. D.
July 16, 1928.

No. 6794.

Watson, Gage & Ess, of Kansas City, Mo., for plaintiffs.

Roscoe C. Patterson, U. S. Atty., and Harry L. Thomas, Asst. U. S. Atty., both of Kansas City, Mo., and A. W. Gregg, General Counsel, Bureau of Internal Revenue, and William E. Davis, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

OTIS, District Judge. This is a suit to recover taxes alleged to have been illegally exacted from the plaintiffs. The tax paid, in the amount of $151.43, was collected by the defendant as an income tax of the Kansas City Hay Dealers' Association for the year 1924. Recovery of the tax paid is sought in this action upon the theory that the Kansas City Hay Dealers' Association is by law exempt from the payment of an income tax A jury was waived and the case submitted to the court.

Section 231 of the Revenue Act of 1924 (26 USCA § 982) provides that among other organizations exempt from taxation shall be "business leagues, chambers of commerce, or boards of trade not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual." If the Kansas City Hay Dealers' Association is within the class of exempt organizations described in section 231, then the plaintiffs should prevail in this action.

The Kansas City Hay Dealers' Association was shown by the evidence to have been organized in 1892. At the time of the filing of this action it had about 50 members, each of whom was engaged in the business of buying and selling hay on the Kansas City market. The general purposes of the association, as set out in its constitution, are as follows:

"To maintain a hay association; to promote uniformity in the customs and usages of merchants; to inculcate principles of justice and equity in the business and to facilitate the speedy adjustment of business disputes; to inspire confidence in the business methods and integrity of the parties here-

to; to collect and disseminate valuable commercial and economical information and generally to secure to its members the benefits of co-operation in the furtherance of their legitimate pursuits and to promote the welfare of Kansas City."

The foregoing declaration of purposes states generally the principal activities and objects of the association. In carrying out these purposes the association maintains offices in Kansas City, various paid employees, giving the whole or most of their time to its activities, and performs certain services in connection with the hay-marketing industry. Its income is derived from membership fees, transfer fees on memberships, annual assessments against members, and from the weighing of cars on track scales at the rate of 75 cents per car, plugging of cars at 75 cents per car, and assessments used for watchmen's services at the rate of 50 cents per car. It derives, also, some small income from the collection and sale of loose hay on the railway tracks. The constitution requires that all income of the association shall be turned into the treasury of the association and used for its general purposes.

Is such an association as this one a business league, chamber of commerce, or board of trade within the meaning of section 231? These terms are not defined in the act itself, nor has any judicial decision construing them as here used been called to my attention. It is my view, however, that such a trade association as this was intended by the Congress to be included within the meaning of these terms.

Was the association organized for profit within the meaning of section 231? The evidence convinces me that it was not organized for profit in the direct sense intended, although, of course, the ultimate object of its organizers was to make the business more profitable to the individual members of the association. That also is the ultimate object in the organization of any business league, chamber of commerce, or board of trade.

Do the net earnings of this association inure to the benefit of private individuals, within the meaning of section 231? I think not. The earnings arising from the business enterprises in which it is incidentally engaged, and which earnings are relatively small, are used and intended to be used, not to produce either immediate or future profits for the members of the association, but to carry on its general purposes and objects. Conceivably, on the final dissolution of the association, there might be a division of any surplus then existing among its members, and in that way its earnings might inure to the benefit of individuals. If the association were organized for profit, that ultimate possible division of a surplus might be sufficient to justify the exclusion of the association from the exempted class. Such a remote contingency, however, in my judgment, with an association not organized for profit, was not intended to destroy the the privilege of exemption.

My conclusion is that the Kansas City Hay Dealers' Association is a business league not organized for profit, and no part of the net earnings of which inures to the benefit of any private individual, and that, therefore, plaintiffs are entitled to recover in this action.

Judgment is for the plaintiffs, with costs, and a decree may be prepared and submitted in accordance herewith.